UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kevin Merrill, )
                                )   Docket No. _____
     Plaintiff, )
                                )   **JURY TRIAL DEMANDED**
v. )
                                )
Direct Capital Corporation, )
                                )
     Defendant. )

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action alleging violation of the Fair Labor Standards Act (FLSA) pursuant to 28 U.S.C. 1331 and 29 U.S.C. 216(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) as Direct Capital Corporation is a New Hampshire corporation with a principal office located in the District of New Hampshire.

## PARTIES

3. Plaintiff Kevin Merrill has a residential address of 7411 Inwood Drive, Woburn, Massachusetts 01801.

4. Defendant Direct Capital Corporation ("Direct Capital") is a New Hampshire corporation with a principal office located at 155 Commerce Way, Portsmouth, NH. Direct Capital has offices in New Hampshire, New York, Illinois, and possibly other states. Direct Capital's registered agent is Steven Cohen, Esq., 111 Amherst Street, Manchester, NH 03101.

**FACTUAL ALLEGATIONS**

5. Plaintiff Kevin Merrill was employed by Direct Capital from approximately October 17, 2005 until the end of June, 2008. Mr. Merrill always performed inside sales duties for Direct Capital. Mr. Merrill was never paid overtime for hours that he worked in excess of 40 in a workweek.

6. At all relevant times, Direct Capital has constituted an enterprise engaged in commerce and in the production of goods for commerce as those terms are used in sections 6 and 7 of the federal Fair Labor Standards Act, 29 U.S.C. §§ 206-207. Direct Capital operates an equipment rental, leasing and finance business.

7. Direct Capital did not compensate Mr. Merrill for hours he worked in excess of 40 hours per week. Mr. Merrill regularly worked over 40 hours per week.

8. Direct Capital maintained a corporate policy in its employee handbook that required employees in Mr. Merrill's position to work a minimum of 42 work hours per week.

9. In addition to the 42 minimum hours per week required, Direct Capital also encouraged Mr. Merrill to work additional hours.

10. Upon information and belief, Direct Capital was aware that the inside sales employees, including Mr. Merrill, were misclassified as exempt from federal overtime requirements but, nevertheless, continued to fail to pay overtime for hours worked in excess of 40 in a workweek

11. Plaintiff Kevin Merrill was hired as a Finance Manager/Account Manager on October 17, 2005. He kept this title until his employment ended in June of 2008.

12. Mr. Merrill was paid a base salary draw plus commissions based upon a 40 hour workweek. Mr. Merrill regularly worked over 40 hours, but was not paid any additional compensation.

13. During all relevant times, Mr. Merrill's primary duties involved making and receiving telephone calls and speaking to customers and potential customers about financing the sale or lease of equipment.

## **COUNT I – VIOLATION OF FLSA**

14. Plaintiff repeats and realleges the prior allegations of the Complaint. For the past three years, Direct Capital has willfully violated the wage payment and records provisions of the FLSA by engaging in a pattern or practice of:

(a) failing to keep accurate records showing all the time it permitted and/or required Plaintiff to work, which has resulted in the denial of compensation, either at a regular rate or an overtime premium, as required by the FLSA, for all time worked in excess of 40 hours in a workweek;

(b) permitting and/or requiring Plaintiff to perform integral and indispensable activities before and/or after the regular paid 40 hour workweek, for the benefit of Direct Capital and without compensation at the applicable federal overtime rates;

(c) permitting and/or requiring Plaintiff to work overtime in excess of 40 hours in a workweek without appropriate compensation.

15. Because Direct Capital's violations of the FLSA were willful, a three-year statute of limitations must be applied pursuant to 29 U.S.C. §255.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Honorable Court will:

A. Schedule a jury trial to adjudicate the claims asserted herein;

B. Make an award of damages including compensation for work time, liquidated damages, prejudgment interest, costs, and attorneys' fees; and

C. Grant such other and further relief as the Court deems just, equitable, and within its powers to grant.

                                        Respectfully submitted,

                                        KEVIN MERRILL

                                        By His Attorneys,

                                        UPTON & HATFIELD, LLP

Dated: May 10, 2010                  By: /s/ Lauren S. Irwin_____
                                                   Lauren S. Irwin (NHBA# 10544)
                                                   Heather M. Burns (NHBA# 8799)
                                                   10 Centre Street, PO Box 1090
                                                   Concord, NH  03302-1090
                                                   (603) 224-7791